UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        v.

DION GARRETT,

                Defendant.

**DECISION AND ORDER**
11-CR-195S

---

**I.**    **INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 22) by defendant Dion Garrett for release from custody. Defendant has been in custody since the Court ordered him detained at the conclusion of his detention hearing on June 16, 2011. In support of release, defendant cites the poor medical condition of his grandfather, Richard Miller, with whom he previously maintained a residence. Defendant further submits that the Government has been resisting full disclosure of it's evidence while he has been in jail for over a year. On this basis, defendant asserts that his family would like to post a bond which would allow him to live with his grandfather and care for him, while monitored by an ankle bracelet. This would suffice to secure his appearance at future Court proceedings and to ensure the safety of the community. The Government opposes release, arguing that defendant has no new or different material information since his detention hearing last year.

The Court held oral argument on June 18, 2012. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations that defendant sold cocaine base on two occasions. The indictment, filed on June 9, 2011, contains two counts. In both counts, the Government charged defendant with possession, with intent to distribute, and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). The Court arraigned defendant on June 14, 2011. On June 16, 2011, the Court held a detention hearing. At the conclusion of the detention hearing, the Court found that no condition or combination of conditions of release could reasonably assure the safety of the community and remanded the defendant to custody of the United States Marshals Service.

The Court relied on the Government's proffer of defendant's criminal history and on the probation report. According to the probation report, defendant's criminal history includes multiple prior convictions that included charges of possession and distribution of controlled substances. Also according to the probation report, defendant has had several orders of protection entered against him. Of the prior convictions, at least several concerned offenses committed while on bail or supervision.

On June 11, 2012, defendant filed the pending motion for release from custody. In support of his motion, defendant makes several arguments.

Defendant states that his grandfather, who raised him, has poor health and suffers from congestive heart failure, high blood pressure, gout, and arthritis. Defendant submits this information hoping to be released on bond, posted by his family, that would let him live with his grandfather. Defendant would take care of his grandfather around the clock while monitored by an ankle bracelet. Defendant submits that he is willing to be electronically monitored and is eager to care for his grandfather.

The Government opposes defendant's release. The Government contends that there has been no material change in circumstances. The Government further cites defendant's criminal history and argues that it demonstrates 19 years of undeterred criminal activity including alleged membership in a gang, all of which poses a danger to the community. Additionally defendant has a poor record while under supervision, as seen by multiple bench warrants issued for his arrest. Lastly, the Government contends that the length of defendant's detention is also permissible from a Due Process perspective. The Government thus contends that there are no conditions of combination of conditions that can assure the safety of the community or defendant's future appearance.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant

on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found defendant to be a danger based on his criminal history, the nature of the pending charges, and the information available in the pretrial services report. Those factors have not changed. Of particular concern is defendant's history of arrests while on bail and supervision. *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3 (W.D.N.Y. June 13, 2011) (Skretny, *C.J.*)

5

("Defendant's criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release."). Defendant committed those bail and parole violations while living in Western New York with his family, which means that emphasizing his family ties now has only limited value. *Cf. U.S. v. Watson*, No. 4:08CR00655, 2008 WL 5411381, at *1 (E.D. Mo. Dec. 29, 2008) ("[T]he Court notes that Defendant resided with his mother for the majority of his life, during which time Defendant committed the offenses and repeatedly violated the terms of his probation and parole, as recited in the PSR."). The Court understands defendant's contention that his grandfather is ill and in need of assistance. This issue by itself, however, does not move the Court to withdraw its detention order. The information about defendant's grandfather does not suffice to mollify the Court's concerns that the nature of the charges, the history of bail and parole violations, and the other information available mean that defendant continues to pose a flight risk and a danger to the community.

In short, defendant has given the Court no new and material information that helps his effort to change his custody status. The Court is content to let its prior detention order stand.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for release from custody (Dkt. No. 22). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

SO ORDERED.

                         /s Hugh B. Scott
                         HONORABLE HUGH B. SCOTT
                         UNITED STATES MAGISTRATE JUDGE

DATED: July 2, 2012