UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

v.

Dion Garrett,
                Defendant.

**Hon. Hugh B. Scott**

11CR195S

**Decision
&
Order**

Before the Court is the defendant's omnibus motion seeking various pretrial relief (Docket No. 11).

## Background

In an indictment dated June 9, 2011, a Grand Jury for the Western District of New York issued an indictment charging defendant, Dion Garrett ("Garrett") with two counts of illegal possession and intent to distribute a substance containing cocaine base in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C). (Docket No. 1).

## Discovery

The defendant's motion papers list various items of pretrial discovery sought under Rule 16 of the Federal Rules of Criminal Procedure, as well as various provisions of the Federal Rules

of Evidence. (Docket No. 11 at pages 4-13). The government has represented that it has complied with its discovery obligations. (Docket No. 15 at page 1). During oral argument, the parties identified a dispute regarding the production of un-redacted audio tapes of various conversations between the defendant and a confidential source. It is undisputed that the government has produced an un-redacted version of the audio tape for defendant's counsel to review. The government has also produced a redacted audio tape of the conversation (taking out the voice of the confidential source), and an un-redacted transcript of the conversation. In this regard, the defendant can listen to the redacted audio tape and follow along with the transcript so that the defendant can read what the confidential informant is saying, but cannot hear the confidential informant's voice. The government asserts that this method is necessary to protect the identity of the confidential informant from disclosure. The defendant argues that this method is insufficient, but has not articulated how this combination of audio and written transcript is insufficient in allowing the defendant an opportunity to be aware of the substance and context of the taped conversation. The defendant has also failed to present any legal authority requiring the un-redacted version of the audio tape which would allow the defendant to identify the confidential informant. Because the combination of the audio tape and written transcript provide the defendant with the entirety of the taped conversation, this method of production is sufficient under Rule 16.

No other discovery issues have been identified by the parties as outstanding at this time.

**Identity of Informants**

The defendant seeks the pre-trial disclosure of the identity of any informants in this case.

The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

**Bill of Particulars**

The defendant seeks a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

In the instant case, during an appearance before the Court, the defendant expressed confusion, directly to the Court, not through counsel, that he was under the impression that a criminal complaint had been filed in this case and that he had never been provided with a copy of

3

the criminal complaint. At that time, the government represented that no criminal complaint had been filed in this case. Notwithstanding that representation, the government's response to the defendant's instant request for a bill of particulars, states that a criminal complaint was filed in this case. (Docket No. 15 at page 5). In light of the inconsistent representations by the government, and the confusion resulting therefrom, the Court finds that a bill of particulars is warranted in this case. The Court directs that the government respond to the plaintiff's request for a bill of particulars (a), (b), (c), (e) and (f) set forth at Docket No. 11 page 3. The government need not respond to requests (d) and (g).

**Brady & Jencks Material**

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The defendant also requests disclosure of material under the Jencks Act, 18 U.S.C. §3500. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and Giglio v. United States, 405 U.S. 150 (1972), and states that it will produce Brady and Jencks material in

4

accordance with the schedule set by the District Court prior to trial in this case. (Docket No. 15 at page 2).

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act]

---

[1] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the

defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Rules 404, 608 & 609**

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence.

Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." With respect to the requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

The government has represented that, to the extent applicable, the government will produce such information in advance of trial (Docket No. 15 at page 5). Such information shall be produced no later than as directed in the schedule set by the District Court prior to trial in this

case.

## **Conclusion**

The omnibus motion (Docket No. 11) is granted in part and denied in part consistent with the above.

So Ordered.

                                                                                */s/ Hugh B. Scott*
                                                               United States Magistrate Judge
                                                               Western District of New York

Buffalo, New York
July 6, 2012